IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY WOLFINGTON,

        Plaintiff,                    No.  2:12-cv-2762 KJN P

    vs.

OFFICER SIBYAN, et al.,

        Defendants.           ORDER

_____/

        Plaintiff is presently held in the Monroe Detention Center, and is proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

1

1  trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

2  make monthly payments of twenty percent of the preceding month's income credited to

3  plaintiff's inmate trust account.  These payments will be forwarded by the appropriate agency to

4  the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

5  fee is paid in full.  28 U.S.C. § 1915(b)(2).

6        The court is required to screen complaints brought by prisoners seeking relief

7  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10  granted, or that seek monetary relief from a defendant who is immune from such relief.

11  28 U.S.C. § 1915A(b)(1),(2).

12        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

19  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

20  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

21  1227.

22        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

23  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

24  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

25  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

26  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

2

1   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

2   allegations sufficient "to raise a right to relief above the speculative level." Id.  However,

3   "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

4   notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551

5   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

6   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

7   as true the allegations of the complaint in question,  id., and construe the pleading in the light

8   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

9   grounds, Davis v. Scherer, 468 U.S. 183 (1984).

10          The Civil Rights Act under which this action was filed provides as follows:

11          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
12          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
13          law, suit in equity, or other proper proceeding for redress.

14   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

15   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

16   Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

17   § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

18   (no affirmative link between the incidents of police misconduct and the adoption of any plan or

19   policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

20   another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

21   affirmative act, participates in another's affirmative acts or omits to perform an act which he is

22   legally required to do that causes the deprivation of which complaint is made." Johnson v.

23   Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

24          Moreover, supervisory personnel are generally not liable under § 1983 for the

25   actions of their employees under a theory of respondeat superior and, therefore, when a named

26   defendant holds a supervisorial position, the causal link between him and the claimed

3

1  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

2  (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.

3  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where

4  there is no evidence of personal participation).  Vague and conclusory allegations concerning the

5  involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

6  of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

7  personal participation is insufficient).

8                    A.  Due Process/Eighth Amendment Claims

9          Plaintiff claims that he was twice placed on a three day disciplinary diet, and that,

10  as a result, he was served "ice cold" food trays twice a day for six days.  Plaintiff names seven

11  correctional officers as defendants:  two officers who issued the orders for plaintiff to receive a

12  disciplinary diet, one officer who served the cold food trays, and other officers to whom plaintiff

13  complained about the cold condition of the food.  Plaintiff claims that his due process and Eighth

14  Amendment rights were violated by the provision of these "ice cold" food trays on six days.

15  Plaintiff does not indicate whether he is a convicted state prisoner serving his sentence at the

16  Monroe Detention Center, or whether he is a pretrial detainee awaiting trial.

17          "Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due

18  Process Clause, rather than under the Eighth Amendment."  Frost v. Agnos, 152 F.3d 1124, 1128

19  (1998) (citing Bell v. Wolfish, 441 U.S. 520, 535, n.16 (1979).)  "Because pretrial detainees'

20  rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth

21  Amendment" the same standards apply to both.  Frost, 152 F.3d at 1128.

22          Only those conditions of confinement that deny a prisoner "the minimal civilized

23  measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment

24  violation."  Id. (quoting Hudson v. McMillian, 503 U.S. 1 (1992)).  The Eighth Amendment

25  "requires only that prisoners receive food that is adequate to maintain health; it need not be tasty

26  or aesthetically pleasing."  LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993) (concluding

4

1   that the use of a disciplinary diet restricting a prisoner to "Nutraloaf" for a seven-day period did

2   not violate the Eighth Amendment); Stewart v. Block, 938 F.Supp. 582, 588 (C.D. Cal.1996)

3   (defendant Sheriff entitled to summary judgment on plaintiff's claim that being placed on a

4   disciplinary diet while incarcerated in the county jail violated his constitutional rights).

5          Plaintiff alleges no facts tending to show that the disciplinary diet he received was

6   not adequate to maintain health, such as evidence he lost significant weight, or incurred health

7   problems.  See LeMaire, 12 F.3d at 1456 (Nutraloaf, the food served in the disciplinary

8   segregation unit at Oregon State Prison, provided adequate nutrition and calories for inmates, and

9   plaintiff actually gained weight while on Nutraloaf diet).  "The fact that the food occasionally

10  contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a

11  constitutional deprivation."  Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985),

12  cert. denied, 475 U.S. 1096 (1986).  Thus, under an Eighth Amendment analysis, plaintiff's

13  allegations regarding a disciplinary diet do not rise to the level of a constitutional deprivation.

14          B.  Religious Claim

15          In addition, plaintiff claims that he is Jewish, and is on a kosher diet as part of his

16  Jewish faith.  While not entirely clear, it appears plaintiff contends that the provision of ice cold

17  food violates his religion.

18          The Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which

19  provides:

20              No government shall impose a substantial burden on the religious
                exercise of a person residing in or confined to an institution . . .,
21              even if the burden results from a rule of general applicability,
                unless the government demonstrates that imposition of the burden
22              on that person --

23              (1) is in furtherance of a compelling government interest; and (2) is
                the least restrictive means of furthering that compelling
24              government interest.

25  See Pub. L. No. 106-274, 114 Stat. 803 (2000) (codified at 42 U.S.C. § 2000cc-1).  Plaintiff

26  bears the initial burden of demonstrating that defendants substantially burdened the exercise of

5

1    his religious beliefs.  Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005).  A

2    "substantial burden" is one that is "oppressive to a significantly great extent."  Id. at 995 (internal

3    quotations omitted).  It "must impose a significantly great restriction or onus upon [religious]

4    exercise."  Id. (quotations omitted).  A substantial burden includes situations "where the state . . .

5    denies [an important benefit] because of conduct mandated by religious belief, thereby putting

6    substantial pressure on an adherent to modify his behavior and to violate his belief."  Id.

7              If a plaintiff meets this burden, the defendants must demonstrate that "any

8    substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a

9    compelling governmental interest and the least restrictive means of furthering that compelling

10   governmental interest."  Id.  "RLUIPA is to be construed broadly in favor of protecting an

11   inmate's right to exercise his religious beliefs."  Id.

12             In his complaint, plaintiff recites the various provisions of RLUIPA, but fails to

13   explain how the provision of "ice cold" food on six days substantially burdened the exercise of

14   his religious beliefs, or how the temperature of the food violated his kosher diet.  In an

15   abundance of caution, plaintiff will be granted leave to amend his complaint.

16             The court finds the allegations in plaintiff's complaint so vague and conclusory

17   that it is unable to determine whether the current action is frivolous or fails to state a claim for

18   relief.  The court has determined that the complaint does not contain a short and plain statement

19   as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

20   policy, a complaint must give fair notice and state the elements of the claim plainly and

21   succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

22   allege with at least some degree of particularity overt acts which defendants engaged in that

23   support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

24   R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

25   an amended complaint.

26   ////

6

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2  conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

3  Rizzo, 423 U.S. at 371.  Also, the complaint must allege in specific terms how each named

4  defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some

5  affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.;

6  May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.  Furthermore,

7  vague and conclusory allegations of official participation in civil rights violations are not

8  sufficient.  Ivey, 673 F.2d at 268.

9    In addition, plaintiff is hereby informed that the court cannot refer to a prior

10  pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

11  an amended complaint be complete in itself without reference to any prior pleading.  This

12  requirement exists because, as a general rule, an amended complaint supersedes the original

13  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

14  complaint, the original pleading no longer serves any function in the case.  Therefore, in an

15  amended complaint, as in an original complaint, each claim and the involvement of each

16  defendant must be sufficiently alleged.

17    In accordance with the above, IT IS HEREBY ORDERED that:

18    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

19    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

20  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

21  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

22  Sheriff of Yolo County filed concurrently herewith.

23    3.  Plaintiff's complaint is dismissed.

24    4.  Within thirty days from the date of this order, plaintiff shall complete the

25  attached Notice of Amendment and submit the following documents to the court:

26  /////

1                 a.  The completed Notice of Amendment; and

2                 b.  An original and one copy of the Amended Complaint.

3 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

4 Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

5 also bear the docket number assigned to this case and must be labeled "Amended Complaint."

6 Failure to file an amended complaint in accordance with this order may result in the dismissal of

7 this action.

8 DATED:  February 27, 2013

9

10                                      _____

11                                 KENDALL J. NEWMAN
                                UNITED STATES MAGISTRATE JUDGE

12 wolf2762.14

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BILLY WOLFINGTON,

11            Plaintiff,                    No.  2:12-cv-2762 KJN P

12        vs.

13   OFFICER SIBYAN, et al.,                NOTICE OF AMENDMENT

14            Defendants.

15   _____/

16            Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18            _____        Amended Complaint

19   DATED:

20

21                                    _____

22                                    Plaintiff

23

24

25

26